IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSHUA NICHOLAS HIGGINS, §<br>ID # 17463-085, §<br>Petitioner, §<br>§<br>v. §<br>§<br>C. RIVERS, Warden, §<br>Respondent. § | | No. 3:23-CV-2436-D (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Joshua Nicholas Higgins, a federal prisoner, filed a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241 (doc. 1). The District Judge referred the petition to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Judge should DENY the petition with prejudice.

**Background**

On August 1, 2013, the Benton County, Washington Sheriff's Office arrested Higgins on state charges of possession of depictions of minor(s) engaged in sexually explicit conduct, sexual exploitation of a minor, and rape of a child in the third degree. (*See* doc. 14 at 5, 10.)[1] The U.S. Attorney's Office for the Eastern District of Washington also brought a federal charge against Higgins for production of child pornography. *See United States v. Higgins*, No. 4:14-CR-

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

6034-WFN-1 (E.D. Wash. July 28, 2014) (doc. 1).

The Washington district court issued a writ of habeas corpus *ad prosequendum*, *see id.*, docs. 5-6, and the FBI arrested Higgins on the writ on July 30, 2014. *See id.*, docs. 11, 20; (doc. 14 at 5, 16.) Higgins pleaded guilty to the federal charge. *See Higgins*, No. 4:14-CR-6034-WFN-1, docs. 24-25.

Higgins returned to state custody from August 20, 2014 to September 9, 2014, during which time he was sentenced to 14 months' imprisonment on a state charge for rape of a child in the third degree. (*See* doc. 14 at 5, 16, 18-30.)

On November 17, 2014, the federal court sentenced Higgins to 180 months' imprisonment and a life term of supervised release. *See Higgins*, No. 4:14-CR-6034-WFN-1, docs. 34, 36. Higgins returned to state custody on November 26, 2014 to complete his state sentence. (*See* doc. 14 at 6, 16.)

Higgins received time credit against his state sentence for the periods of August 1, 2013 to July 30, 2014; August 20, 2014 to September 17, 2014; and November 26, 2014 to December 3, 2014. (*See id.* at 6, 40.) Eight days from the August 20, 2014, to September 17, 2014 period were not applied to his state sentence and were instead served as federal time, resulting in a total of 390 days being applied to his state sentence. (*See id.* at 40.)

On December 8, 2014, the state released Higgins on his remaining sentence, and the Washington State Department of Corrections released him to the custody of the United States Marshals Service (USMS) to serve his federal sentence. (*See id.* at 6, 43-44.)

The Bureau of Prisons (BOP) credited Higgins with 98 days against his federal sentence for his prior custody periods from July 31, 2014 to August 19, 2014 and September 9, 2014 to November 25, 2014. (*See id.* at 7-8, 59.) After this action was filed, the BOP corrected the commencement date of Higgins's federal sentence from December 9, 2014 to December 8, 2014. (*See id.*)

By his petition, Higgins challenges the calculation of his federal sentence and seeks credit against his federal sentence for the time he spent in prior custody from July 30, 2014 (the date he was taken into federal custody on the writ of habeas corpus *ad prosequendum*) to November 17, 2014 (the date he was sentenced). (*See* doc. 1 at 6-8.) Respondent argues that the petition should be dismissed because Higgins is not entitled to the relief sought and he received all the time credit to which he is entitled. (*See* doc. 10 at 1, 3-6.) Higgins did not file a reply.

**Legal Standards and Analysis**

Higgins seeks "to receive the time credit to my sentence from the time I was writted into federal custody on July 30, 2014 to the date I was sentenced on November 17, 2014, a total of 109 days toward my federal sentence."[2] (doc. 1 at 8.) He argues that a "writ of federal custody overrides the incarceration of the State of Washington's penal code under which I served my state sentence in full." (*Id.* at 6.) According to Higgins, he "was writted into federal custody on July 30, 2014, therefore [he] was in federal custody as of that date," and is "legally entitled to this

---

[2] The Court notes that the challenged date range encompasses 111 days, if both the start and end dates of July 30 and November 17 are included.

3

time credit." (*Id.* at 6-7.)

The record refutes Higgins's allegation that he "was in federal custody as of" July 30, 2014, such that he is entitled to credit for time spent in custody prior to his sentencing in the federal case. (*Id.* at 6.) Specifically, the record shows Higgins was in state custody on August 1, 2013, having been arrested on three state charges, and he came into federal custody on July 30, 2014 only through a writ of habeas corpus *ad prosequendum*. *See Higgins*, No. 4:14-CR-6034-WFN-1, docs. 5, 20; (doc. 14 at 5, 10.) The state therefore had primary jurisdiction over him for the duration of his federal proceedings. *See Washington v. Chandler*, 533 F. App'x 460, 461 (5th Cir. 2013) (holding the state had primary jurisdiction over prisoner where he was in state custody and his presence for a federal criminal trial was secured by a writ of habeas corpus *ad prosequendum*); *Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) ("A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction."). Higgins was not in exclusive federal custody, and therefore his federal sentence did not commence, until December 8, 2014, when he was released from his state sentence and into USMS custody to serve his federal sentence. (*See* doc. 14 at 6, 16, 43-44); 18 U.S.C. § 3585(a) ("A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served.").

4

Regarding the July 30, 2014 to November 17, 2014 period for which Higgins specifically seeks time credit against his federal sentence, the record shows the BOP has already credited the dates July 31, 2014 to August 19, 2014, and September 9, 2014 to November 17, 2014 to Higgins's federal sentence. (*See* doc. 14 at 7, 59.) As to the remaining dates of July 30, 2014 and August 20, 2014 to September 8, 2014 that have not been credited against Higgins's federal sentence, the record shows his state sentence included time credit for these dates. (*See id.* at 6, 40.) Under 18 U.S.C. § 3585(b), Higgins is not eligible to have pre-sentence time credits that were credited against his state sentence also be counted toward his federal sentence:

> **Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1)   as a result of the offense for which the sentence was imposed; or
>
> (2)   as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added). Because Higgins received time credit against his state sentence for all the remaining time he spent in custody, he is not eligible to receive pre-trial credit toward his federal sentence for this time.

Higgins's claim does not merit § 2241 relief, and the Court should deny it.

5

## Recommendation

The Court should DENY with prejudice Higgins's *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241.

Signed May 2, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).